IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIE ALFONSO and ALLAN ALFONSO,

    Plaintiffs,

vs.                                                                                                  No. CIV. 97-1406 LH/DJS

ERIC SOILEAU and PHILIPS
SEMICONDUCTORS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Remand (Docket No. 11), filed December 22, 1997. The Court, having considered the pleadings submitted by the parties, the relevant law, and otherwise being fully advised, finds Plaintiffs' motion is not well taken and should be **denied**.

Plaintiffs move this Court to remand this matter to state court. As grounds for their motion, Plaintiffs claim this Court lacks diversity jurisdiction and that the state law claims substantially predominate over federal Title VII claims. Plaintiff argues, therefore, that this Court should exercise its discretion and remand this matter to state court. The Court finds it is unnecessary to address the diversity question, as it finds for the reasons discussed below that it has federal question jurisdiction over this cause.

Plaintiffs assert that the Court should, in its discretion, not exercise its federal question jurisdiction, arguing that the state law claims predominate over the claims which present federal questions. Plaintiffs argue that the presence of Title VII issues in the Complaint does not

automatically confer federal question jurisdiction (Pls' Br. Supp. Mot. Remand at 3)(citing *Heckelmann v. Piping Cos. Inc.*, 904 F. Supp. 1257, 1260 (N.D. Okla. 1995)).

A party may remove a case to federal court when there is a federal question:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending.

28 U.S.C. §1441(a). The district courts' federal question jurisdiction encompasses cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. An action satisfies this requirement when a plaintiff's well-pleaded complaint raises issues of federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). By asserting several claims that arise under federal law, Plaintiffs subject themselves to the possibility that the Defendants will remove the case to the federal courts. *City of Chicago v. Int'l College of Surgeons*, ___ U.S. ___, ___, 118 S.Ct. 523, 529 (1997).

Plaintiffs do not allege this Court lacks subject matter jurisdiction. In fact, Plaintiffs argue only that this Court should decline to exercise jurisdiction over this cause because their eight state law claims predominate their two federal Title VII claims. (Pls.' Br. Supp. Mot. Remand at 3.) Plaintiffs admit subject matter jurisdiction exists under a federal question created by 42 U.S.C. §2000e-2, otherwise known as Title VII, and do not allege removal was improper under 28 U.S.C. §1441(a). *Id.* In this case, the Defendants may remove that claim as it includes a federal cause of action. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Settled precedent requires this Court to accept jurisdiction over the case. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)(holding that, in removal cases, federal courts have unflagging

obligation to exercise jurisdiction given them); *Jones v. Intermountain Power Project*, 794 F.2d 546, 549 (10th Cir. 1986)(stating a federal court must have constitutional power to exercise pendent jurisdiction in removal cases—a power that exists when there is a substantial federal claim and when both the state and federal claims derive from a common nucleus of facts so that plaintiff would "ordinarily be expected to try them all in one judicial proceeding")(citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

There is also no dispute that Plaintiffs' claims arise out of a common nucleus of facts and that supplemental jurisdiction is proper under 28 U.S.C. §1367(a).

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they from part of the same case or controversy . . . .

*Id.*  Plaintiffs admit, for example, that the elements necessary to establish the claimed violation of the New Mexico Human Rights Act are the same as for a Title VII claim.  (Pls.' Br. Supp. Mot. Remand at 4.)  *See* 16 MOORE'S FEDERAL PRACTICE §106.24(5) (3d ed. 1997)(stating that common nucleus of operative fact standard is satisfied if federal and state claims are merely alternative theories of recovery for the same injury based on the same act).

District courts may decline to exercise supplemental jurisdiction over a state law claim only if (1) the claim arises from a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. §1367(c). However, this Court does not find any reason to decline supplemental jurisdiction as provided by that

section.

Plaintiffs' argument that the Court should decline to exercise its federal question jurisdiction because eight of the ten counts involve state claims is similarly unpersuasive. Under §1367(c), the inquiry does not focus on whether the number of state law claims exceeds the number of federal claims. *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789-90 (3d Cir. 1995)(holding "substantially predominate" standard is not met simply by a numerical count of the state and federal claims plaintiff chooses to assert on the basis of the same set of facts). Instead, the focus is whether proof of a state law claim expands the scope of the case beyond the underlying federal claim. *See Gard v. Teletronics Pacing Sys., Inc.*, 859 F. Supp. 1349, 1352-53 (D. Colo. 1994). To do this, there must be a substantial quantity of evidence supporting the state claims that would not be relevant to the federal claim. 16 MOORE'S FEDERAL PRACTICE §106.65 (3d ed. 1997). Plaintiffs do not allege any variance in proof between the state law claims and the federal claims. Thus, Plaintiffs fail to provide any basis under 28 U.S.C. §1367(c) for this Court to exercise its discretion and remand this case to state court. The Court concludes it has federal question jurisdiction over this matter. The Court will, therefore, deny the Plaintiffs' Motion for Remand.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Remand (Docket No. 11), filed December 22, is **denied**.

_____
**UNITED STATES DISTRICT JUDGE**